UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR SMALLS, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:16-CV-2006 (JCH) |
| v. : | |
| : | |
| CARSON WRIGHT, : | FEBRUARY 28, 2017 |
|     Defendant. : | |

**RULING RE: REQUEST FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION (DOC. NO. 12)**

**I.   INTRODUCTION**

Plaintiff Victor Smalls ("Smalls") is incarcerated at Northern Correctional Institution ("Northern").  He initiated this action by filing a pro se complaint pursuant to section 1983 of title 42 of the United States Code against defendant Dr. Carson Wright ("Dr. Wright").  See, e.g., Compl. (Doc. No. 1) ¶ 16.  On January 11, 2017, the court dismissed, pursuant to section 1915A(b)(1) of title 28 of the United States Code, the claims of deliberate indifference to medical needs against Dr. Wright relating to a period from 2010 to July 2016.  See Initial Review Order & Ruling re Mot. for Appointment of Counsel ("IRO & Ruling") (Doc. No. 16) at 5.  The court concluded that the deliberate indifference to medical needs claims relating to a period from July 2016 to November 29, 2016, at Northern would proceed against Dr. Wright.  See id.

Now pending before the court is Smalls's memorandum seeking preliminary injunctive relief.  See generally Mem. of Law in Supp. of Pl.'s Emergency Order to Show Cause & TRO & Preliminary Inj. ("Mem. in Supp." or "Memorandum in Support") (Doc.

1

No. 12).¹  Dr. Wright has objected to Smalls's request.  See generally Defs.' [sic] Obj. & Mem. of Law in Opp'n to Pl.'s Mot. for Prelim. Inj. ("Opp'n") (Doc. No. 21).

## II. DISCUSSION

In his Memorandum in Support, Smalls reasserts the same claims that he asserted in his Complaint.  He alleges that he has suffered from chronic back problems since 2007, and that a July 2016 x-ray of his back showed a spinal fracture.  See Decl. in Supp. of Pl.'s Mot. for TRO & Prelim. Inj. ("Decl.") (Doc. No. 12-1) ¶¶ 2, 7.  When he arrived at Northern in August 2016, Smalls submitted a request for medical treatment for his severe back pain to Dr. Wright, who was a physician assigned to Northern.  See id. ¶¶ 8–9.  On September 20, 2016, Dr. Wright examined Smalls, increased his pain medication, submitted a request for an x-ray of Smalls's back, but denied Smalls's request for an MRI.  See id. ¶ 10.  Smalls claims that he continues to experience constant pain in his back.  See id. ¶¶ 11–12.  He seeks an order directing Dr. Wright to send him for an MRI of his back and to arrange for him to see a qualified specialist.  See id. ¶ 13.

The Memorandum and Declaration are dated January 4, 2017.  Neither document includes any allegations that Smalls sought treatment or examination for continuing back pain since he was seen by Dr. Wright on September 20, 2016.  Dr. Wright's Opposition to Smalls's demand for injunctive relief includes the report of the

---

¹ No motion requesting a TRO or preliminary injunction was received by the court.  But see Mem. in Supp. at 1 (referring to "emergency motion for a temporary restraining order and preliminary injunction").  However, mindful of its obligation to construe pro se filings "liberally, applying less stringent standards than when a plaintiff is represented by counsel," Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam), the court construes the Memorandum in Support as also moving the court for such relief in the first instance.

spinal x-rays taken on October 5, 2016, and Smalls's current list of medications.  See Opp'n, Ex. 1 at 2; Opp'n, Ex. 2 at 1.

On January 30, 2017, Smalls, Attorney Edward Wilson, Jr.—who represents Dr. Wright—and Dr. Monica Farenella participated in a status conference held by Magistrate Judge Merriam.  See Mem. of Conference & Scheduling Order. ("Mem. of Conf.") (Doc. No. 22) at 2.  During the conference, Smalls acknowledged that he had not seen the October 2016 x-ray report and had not reviewed his medical file.  See id. at 2.  Dr. Wright—through counsel—asserted that medical staff at Northern have provided Smalls with appropriate treatment for his back pain and that the October 2016 x-ray included the affected portion of his spine.  See id. at 3; see also Opp'n at 1.[2]  Counsel offered to make the x-ray report available to Smalls.  Mem. of Conf. at 3.

The report of the spinal x-rays taken on October 5, 2016, reflects that Smalls's lumbosacral spine is normal.  See Opp'n, Ex. 1 at 2.  Smalls's medication list indicates that medical staff at Northern prescribed pain medication to Smalls on January 8, 2017.  See id.  The prescription is good for a year.  See id.

The court concludes that Smalls has not demonstrated that he will suffer irreparable harm if his requests for relief are not granted now.  See Winter v. Natl Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (requiring, among other showings, "likel[ihood]" that plaintiff will "suffer irreparable harm in the absence of preliminary relief," before court will grant preliminary injunctive relief).  Whether or not Smalls has a spinal

---

[2] Although not essential to the court's conclusions in this Ruling, Dr. Wright's suggestion that "the October 2016 x-ray did include the affected area of [Smalls's] spine," see Mem. of Conf. at 3, may be in conflict with the notation on Smalls's medical charts that "[t]he previously identified fracture of the right transverse process is not visible" on the October 5, 2016 x-ray, see Opp'n, Ex. 1 at 2.

fracture, he has not alleged that he sought treatment and Dr. Wright refused to examine or treat him. Rather, Smalls disagrees with the treatment that medical staff have provided to him since his transfer to Northern in August 2016. He believes that an MRI and examination by a specialist is warranted given his complaints of pain, see Decl. at 3, and an x-ray from July 2016, that purported to show "an age-indeterminate fracture" of his spine, see Opp'n, Ex. 1 at 3. Neither the discussion at the Status Conference held on January 30, 2017 nor Smalls's medical records suggests that he cannot seek, or will not receive, appropriate, additional treatment from Dr. Wright or other medical staff at Northern for continued back pain. Nor do they suggest that medical staff at Northern, including Dr. Wright, would not examine or treat him based on his symptoms or complaints regarding the degree of relief provided by pain medication.

### III.  CONCLUSION

In light of the foregoing, to the extent that Smalls's Memorandum in Support (Doc. No. 12) seeks preliminary injunctive relief, it is **DENIED**.

**SO ORDERED**.

Dated at New Haven, Connecticut this 28th day of February, 2017.

                                                    /s/ Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge