United States District Court
District of Connecticut

| | |
|---|---|
| Victor Smalls<br>- Plaintiff - | |
| -v- | Civil No. 3:16-CV-02006 (JCH) |
| Carson Wright<br>- Defendant - | Verified Complaint<br>Jury Trial Demanded |

## Preliminary Statement: I

1. This is a §1983 Action filed by Plaintiff, Victor Smalls #344109, a State Prisoner, alleging violations of his Eighth Amendment Right. The Plaintiff is alleging that he was subjected to deliberate indifference to his serious medical need, denial of access to a medical specialist, and cruel and unusual punishment. The Plaintiff is seeking Compensatory, Punitive, Monetary, Declamatory and injunctive Reliefs.

2. The Defendant is being sued in his official and individual capacities.

## Jurisdiction: II

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3), in that this Action seeks to redress

-1-

the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution of the United States.

5. This Court has jurisdiction to grant injunctive relief pursuant to Rule 65 Fed. R. Civ. P.

## Parties: III

6. Plaintiff, Victor Smalls, ("Plaintiff") is currently housed at the Northern Supermax Correctional Institution, ("Northern") at most times relevant to this action, located at: 287 Bilton Road, Somers, Conn. 06071.

7. Defendant Carson Wright, ("Dr. Wright") is Northern's primary institutions physician. As such his duty is to provide community standards care to prisoners confined within its walls. He is responsible for creation and enforcement of HCHC ("HCHC") policies, training, supervision and discipline of its employees within Northern, at all relevant times of this action. Located at: 287 Bilton Road, Somers, Conn. 06071. He was acting

-2-

within the scope of his employment and his/her color of state law. He is sued in his official and individual capacities.

## Exhaustion of Available Relief:
## IV

8. Plaintiff exhausted his administrative remedies before filing this complaint.

## Factual Statement: V

9. As early as 2007, Plaintiff has had a chronic history of back problems or trauma.

10. In an inmate request form (CN 9601), Plaintiff on August 31st 2016, complained to Northern's sick call medical unit and Dr. Wright about extreme pain in his spine among other ailments.

11. After having been in sustained pain and subsequently filing an inmate institutional grievance on September 13th 2016, complaining for adequate and appropriate treatment of a M.R.I for back pain. Plaintiff was finally seen by Defendant Wright on September 20th 2016.

-3-

12. A X-Ray was taken of the plaintiff's spine which showed a fracture, this X-Ray was taken July. 21st 2016.

13. However, Defendant merely maintained the same course of treatment. On September. 20th 2016 Defendant increased plaintiff's current medication of Elivil and ordered additional X-Rays. This medication wasn't working and Defendant knew this fact.

14. Despite the purposeful denial of meaningful care by the Defendant, plaintiff was affected by substantial back numbing or loss of sensation, near insomnia due to pain, trouble walking i.e. tottering & most of the times daily, difficulty with sitting straight up for long periods, mental depression and despair, anxiety.

15. Defendant, in his reply to plaintiff's grievance also denied request for an M.R.I examinations

16. Defendant has deliberately denied the plaintiff proper treatment for his serious medical needs since November. 2010 to the present day.

17. On numerous dates going as far back as January. 21st 2011, when the Defendant first began prescribing a course of "pain medication" to the plaintiff for his

-4-

back pain and problems. At no time over the years and course of treating the plaintiff exclusively until the present has the defendant advised the plaintiff of the "Adverse Side Effects" associated with the medication he was prescribing to him.

18. In fact, even after the plaintiff began feeling these side effects of the medication the defendant still did not advise the plaintiff of them nor explained what the plaintiff's symptoms were from. As a result of this deliberate indifference by the defendant the plaintiff was forced to suffer from a "Rash on his Chest, Stomach and Back, He suffered Nightmares, High Blood pressure, Blurred vision and eye pain, Shaking hands and Constepation."

19. The plaintiff wrote the defendant about the side effects he was suffering as well as wrote a grievance. The plaintiff told the defendant in his requests and grievance that "Had he been advised of these possible side effects when the defendant first began treating him he would have asserted his right to refuse that said treatment and opted for a less instrusive treatment."

20. Then on January 24th 2017, The plaintiff saw the defendant regarding his requests and grievance on

-5-

treatment and side effects. In this meeting the plaintiff told the defendant "to please take him off the medication and to give him something else because not only are the side effects too much, the medication doesn't work." The defendant replies "Elivil is all we got so you can either suffer with it or without it."

### Count One

21. Plaintiff incorporates the allegations in paragraphs 1-20 herein.

22. Defendant Dr. Wright violates plaintiff's rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution enforceable, via U.S.C. §1983 by knowingly and deliberately persisting in a meaningless course of medical treatment the defendant knew wasn't working and only causing the plaintiff to live in daily pain and mental anguish.

### Count Two

23. Plaintiff incorporates the allegations in paragraphs 1-22 herein.

-6-

24. Defendant Dr. Wright violates Plaintiff's rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution enforceable through 42 U.S.C. § 1983 by the Defendant's deliberate failure to refer the Plaintiff to a Medical Specialist to properly diagnose his back injury(s) despite all the signs of serious pain, complications and non-responsiveness to his treatment for years. The Defendant also violates the Plaintiff's rights and his oath to do no harm and to provide the Community Standards of Care the Plaintiff is due.

25. As a direct result to this Defendant's deliberate indifference and Constitutional violations the Plaintiff was forced to endure extreme pain and discomfort for years described herein.

### Prayer For Relief

26. Wherefore, Plaintiff respectfully prays for relief as follows:

A. An injunction ordering the Defendants and/or his agents to send the Plaintiff to an outside Medical Orthopedics Specialist who can properly diagnose and treat the Plaintiff's back injury(s);

-7-

B. An award of Compensatory Damages Against Defendant in his individual Capacity;

C. An award of Punitive Damages Against Defendant in his individual Capacity;

D. Cost and Fees pursuant to 42 U.S.C. §1988;

E. A Jury Trial;

F. Such Other Relief as The Court May Deem proper.

Plaintiff, Pro Se,

3/2/17 . /s/ Victor Smalls

Date

Victor Smalls #344109
Northern Supermax Corr. Inst.
287 Bilton Road
Somers, Conn. 06071
1-West-225 Cell

-8-

United States District Court
District of Connecticut

Victor Smalls
-Plaintiff-

-v-  Case No. 3:16-CV-02006 {JCH}

Carson Wright
-Defendant-

AFFIDAVIT OF Victor Smalls #344109

I, Victor Smalls, Being First Duly Sworn, Deposes As Follows:

1. That, I Swear And Declare That The Facts Stated in this [Complaint] paragraphs [1 Through 26] Are True To The Best Of My Knowledge, And That The Facts Stated Herein Were Sworn To Before:

3/2/17 . _____
Date         Signature

This Affidavit Was Sworn To Before Me On This 2 Day of March 2017.

NORTHERN C.I.
NOTARY PUBLIC
MY COMMISSION EXPIRES 4-30-2020

_____
Notary Signature

-9-