UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR SMALLS,<br>    Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:16-CV-02006 (JCH) |
| v. | : <br> : | |
| CARSON WRIGHT,<br>    Defendant. | : <br> : <br> : | JULY 25, 2018 |

**RULING RE: MOTION FOR SUMMARY JUDGMENT (DOC. NO. 71)**

## I. INTRODUCTION

Plaintiff Victor Smalls ("Smalls") brings this action against Dr. Carson Wright ("Dr. Wright") for deliberate indifference to a serious medical need in violation of the Eighth Amendment and for violating his right to receive adequate information about medical treatment in violation of the Fourteenth Amendment. Dr. Wright has moved for summary judgment. (Doc. No. 71). For the reasons that follow, Dr. Wright's Motion for Summary Judgment is granted.

## II. FACTUAL BACKGROUND

On August 22, 2016, Smalls was transferred to Northern Correctional Institution. Def.'s Local Rule 56(a)1 Statement ("Def.'s L.R. 56(a)1") (Doc. No. 71-2) at 1 ¶ 3; Pl.'s Local Rule 56(a)2 Statement ("Pl.'s L.R. 56(a)2") (Doc. No. 79-3) at 1 ¶ 3. Dr. Wright is the Principal Physician at Northern Correctional Institution, where he oversees medical care provided to inmates incarcerated at the facility. Def.'s L.R. 56(a)1 at 1 ¶ 2; Pl.'s L.R. 56(a)2 at 1 ¶ 2. The day Smalls arrived at Northern Correctional Institution, he met with Nurse Mosier, and, on August 24, 2016, he met with Dr. Gagne. Def.'s L.R. 56(a)1 at 1 ¶ 4; Pl.'s L.R. 56(a)2 at 1 ¶ 4. On September 13, 2016, Smalls filed a grievance seeking an MRI for his head and back and complaining of Dr. Wright's failure to address

1

prior requests he had filed for treatment for his head and back pain. Medical Documents (Doc. No. 72), Ex. 4 at 2.

On September 20, 2016, Dr. Wright met with Smalls. Def.'s L.R. 56(a)1 at 2 ¶ 8; Pl.'s L.R. 56(a)2 at 2 ¶ 8. Dr. Wright added medications and increased the dosage of other medications. Def.'s L.R. 56(a)1 at 2 ¶ 9; Pl.'s L.R. 56(a)2 at 2 ¶ 9; Medical Documents, Ex. 5 at 1–2. Smalls continued taking Elavil, which he had been using long before the September 2016 visit with Dr. Wright. Def.'s L.R. 56(a)1 at 3 ¶ 14; Pl.'s L.R. 56(a)2 at 3 ¶ 14. Dr. Wright denied Smalls's request for an MRI, but ordered a second X-ray. Def.'s L.R. 56(a)1 at 2 ¶¶ 10, 12; Pl.'s L.R. 56(a)2 at 2 ¶¶ 10, 12. An X-ray of Smalls's thoracic spine taken on July 21, 2016, had revealed an age-indeterminate fracture of the right transverse process of T12. Def.'s L.R. 56(a)1 at 2 ¶ 11; Pl.'s L.R. 56(a)2 at 2 ¶ 11; Medical Documents, Ex. 3 at 3. An X-ray of Smalls's lumbar spine performed on October 5, 2016, did not reveal abnormalities and the fracture that appeared on the July 21, 2016, X-ray was not visible. Def.'s L.R. 56(a)1 at 2 ¶ 11; Pl.'s L.R. 56(a)2 at 2 ¶ 11.

On December 23, 2016, upon the recommendation of Dr. Wright and Nurse Barbara, Smalls requested an increase to his dose of Elavil. Def.'s L.R. 56(a)1 at 3 ¶ 16; Pl.'s L.R. 56(a)2 at 3 ¶ 16; Exs. to Pl.'s Obj. to Def.'s Mot. for Summ. J. (Doc. No. 80) at 8. Following a January 14, 2017, grievance Smalls filed complaining of side effects due to Elavil, Dr. Wright met with Smalls on January 24, 2017. Pl.'s L.R. 56(a)2 at 2 ¶ 13. The January 24, 2017 visit was the first time Dr. Wright advised Smalls of side effects from Elavil. Pl.'s L.R. 56(a)2 at 2 ¶ 13. During the visit, Smalls told Dr. Wright, "to please take me off the medication and to give me something else because

not only are the side effects too much, the medication doesn't work." Id. Dr. Wright replied, "Elavil is all we got so you can either suffer with it or without it." Id. at 2–3 ¶ 13. In order to avoid symptoms of withdrawal, a patient must be taken off Elavil through gradual tapering of the dosage. Pl.'s L.R. 56(a)2 at 3 ¶ 15. Smalls continued to take Elavil after filing his Amended Complaint. Def.'s L.R. 56(a)1 at 3 ¶ 15; Pl.'s L.R. 56(a)2 at 3 ¶ 15.

### III. LEGAL STANDARD

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71–72 (2d Cir. 2016). Once the moving party has met its burden, in order to defeat the motion, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 256, and present "such proof as would allow a reasonable juror to return a verdict in [its] favor," Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). "An issue of fact is genuine and material if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Cross Commerce Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016).

In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought." LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995). "Where it is clear that no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment should be granted." F.D.I.C. v. Great Am. Ins.

3

Co., 607 F.3d 288, 292 (2d Cir. 2010) (quoting Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994)). On the other hand, where "reasonable minds could differ as to the import of the evidence," the question must be left to the finder of fact. Cortes v. MTA N.Y. City Transit, 802 F.3d 226, 230 (2d Cir. 2015) (quoting R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997)).

## IV. DISCUSSION

### A. Eighth Amendment Claim

#### 1. Legal Standard

The Supreme Court has held that deliberate indifference by prison officials to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). There are subjective and objective components of this Eighth Amendment claim. See Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006).

First, as to the objective prong of the test, the alleged deprivation of medical care must be "sufficiently serious." See id. at 279 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A "sufficiently serious" deprivation exists if the plaintiff suffers from an urgent medical condition that is degenerative or is capable of causing death or extreme or chronic pain. See Brock v. Wright, 315 F.3d 158, 162–63 (2d Cir. 2003) (citation omitted); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (citations omitted). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." Harrison v Barkley, 219 F.3d 132, 136–37 (2d Cir. 2000) (citations omitted). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a

4

medical condition is sufficiently serious, including: "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir. 1992)).

As for the subjective prong, the defendant prison official must have "act[ed] with a sufficiently culpable state of mind." Id. (quoting Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)). Thus, the defendant must have been "actually aware of a substantial risk that serious inmate harm will result" as a result of his or her actions or inactions and have disregarded that risk. See Salahuddin, 467 F.3d at 279–80. The fact that a prison official did not alleviate a significant risk that he should have, but did not, perceive does not constitute deliberate indifference. See Farmer, 511 U.S. at 838.

Furthermore, a showing of negligence or medical malpractice does not support an Eighth Amendment claim, unless it involves culpable recklessness. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation." See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing, inter alia, Estelle, 429 U.S. at 105–06). In certain situations, however, "instances of medical malpractice may rise to the level of deliberate indifference[,] namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." Hathaway, 99 F.3d at 553 (internal quotation marks and citation omitted).

## 2. Dr. Wright's Decisions Not to Order an MRI, Refer Smalls to a Specialist, or Replace Elavil with Another Medication Did Not Exhibit Deliberate Indifference to a Serious Medical Need

Dr. Wright argues that Smalls's back issue does not qualify as a serious medical need under the objective prong of the deliberate indifference analysis. See Mem. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem.") (Doc. No. 71-1) at 4–5. Dr. Wright notes that an X-ray performed on October 5, 2016, revealed normal spinal alignment, and that Smalls's back has been treated with medication and physical therapy. See id. at 5. Dr. Wright also argues that Smalls has failed to create a genuine dispute of material fact that Dr. Wright disregarded a substantial risk that Smalls would suffer serious harm. See id. at 5–7. Dr. Wright argues that he provided Smalls with adequate medical care, including increasing Smalls's pain medication and ordering an X-ray of his back shortly after his transfer to Northern Correctional Institution. See id. at 6. According to Dr. Wright, the two X-rays of Smalls's back did not support conducting an MRI. See id. at 6.

Smalls responds that the fracture in his back is a serious medical need and that Dr. Wright willfully ignored the July 2016 X-ray showing a fracture. See Mem. of Law in Supp. of Pl.'s Obj. to Def.'s Mot. for Summ. J. ("Pl.'s Obj.") (Doc. No. 79-1) at 6. Smalls argues that Dr. Wright was deliberately indifferent by refusing to refer him for an MRI, declining to refer him to a specialist, and continuing to prescribe him ineffective medication. See id. at 6–7.

The court concludes that Smalls has raised a genuine dispute of material fact as to whether his back injury qualified as a serious medical need under the objective prong of the deliberate indifference analysis. Smalls repeatedly complained of severe back pain, see Medical Records, Ex. 4 (Inmate Administrative Remedy Form 9/13/2016);

Exs. To Pl.'s Obj. (Inmate Administrative Remedy Forms 12/23/2016, 1/9/2017, 1/14/2017, 12/14/2017), and the July 2016 X-ray revealed a fracture along his thoracic spine, see Medical Records, Ex. 3 at 3 (X-ray results).  Courts in this Circuit have found that "severe back pain, especially if lasting an extended period of time, can amount to a serious medical need under the Eighth Amendment." Guarneri v. Hazzard, No. 06 Civ. 0985, 2008 WL 552872, at *6 (N.D.N.Y. Feb. 27, 2008) (citation omitted); see also Williams v. Smith, No. 02 Civ. 4558 (DLC), 2009 WL 2431948, at *1, 10 (S.D.N.Y. Aug. 10, 2009) (finding degenerative disc disease in spine and bulging disc and herniation in back constitute a serious medical need); Faraday v. Lantz, No. 03 Civ. 1520 (SRU), 2005 WL 3465846, at *5 (D. Conn. Dec. 12, 2005) (persistent complaints of "lower back pain caused by herniated, migrated discs [and] sciatica" causing severe pain constitutes a serious medical need).

However, Smalls's deliberate indifference claim fails to meet the subjective prong: that Dr. Wright knew of and disregarded an excessive risk to Smalls's health. Smalls has not put forth evidence upon which a reasonable juror could find that Dr. Wright willfully ignored the July 2016 X-ray that showed a fracture by declining to order an MRI, refer Smalls to a specialist, or change Smalls's medication.  Rather, the record shows that Dr. Wright examined Smalls on September 20, 2016, within a month after he complained of back pain upon his arrival at Northern Correctional Institution.  See Medical Documents, Ex. 4 at 2 (Inmate Grievance Form 9/13/2016).  At the visit, Dr. Wright continued Smalls's Elavil prescription to manage his back pain and requested a second X-ray.  See id.  On January 25, 2017, a month after Smalls filed grievances in late December and early January requesting medical care, Dr. Wright saw Smalls and

discussed the side effects of Elavil and the results of the X-rays.  See Exs. To Pl.'s Obj. at 3 (Inmate Grievance Form 1/14/2017).  After reviewing Smalls's medical records, Dr. Monica Farinella, the Interim Medical Director of Correctional Managed Health Care at the University of Connecticut Health Center, opined that Smalls "is being properly treated for alleged back issues, to include his prescribed medications" and that, "based on the findings of the x-rays, Mr. Smalls does not need to receive an MRI."  See Medical Documents, Ex. 2, Declaration of Dr. Monica Farinella ("Dr. Farinella Decl.") at 2.

Smalls does not contend that Dr. Wright ignored his medical needs.  Rather, he disagrees with Dr. Wrights's decision not to request an MRI or refer Smalls to a specialist, and asserts that Elavil was ineffective in treating his back pain.  Dr. Wright's decision not to request an MRI or refer Smalls to a specialist is "a classic example of a matter for medical judgment" to which courts defer, and does not support a deliberate indifference claim.  Estelle, 429 U.S. at 107 (1996) ("[A] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); see also Chance, 143 F.3d at 703 ("It is well established that mere disagreement over the proper treatment does not create a constitutional claim."); Adams v. Perez, No. 08 Civ. 4834, 2009 WL 513036, at *4 (S.D.N.Y. Feb. 27, 2009) (noting that requests for an MRI and referral to a specialist "have repeatedly been held to constitute a disagreement regarding course of treatment, a situation that is not actionable under the Eighth Amendment" and collecting cases).

Smalls appears to suggest that Dr. Wright's decision not to order an MRI was suspect because the fracture revealed in the July 2016 X-ray was located on the thoracic spine, but the October 2016 X-ray only captured the lumbar spine.  See Pl.'s

8

Obj. at 3. Thus, the fact that the fracture in the thoracic spine was not "visible" in the X-ray of the lumbar spine is unsurprising and did not lessen the need for an MRI to evaluate the damage relating to the fracture. In addition, Smalls notes that a large amount of stool in his colon, as noted in the October 2016 X-ray report, could have affected the results. See id.

However, Smalls's observations about the relationship between the July and October X-rays and the quality of the October 2016 X-ray do not bring Dr. Wright's decisions from the zone of medical judgments into the realm of Eighth Amendment deliberate indifference. For example, Dr. Wright may have decided to request an X-ray of the lumbar spine because Smalls's complaints of lower back pain directed his attention to that area; the fracture in the thoracic spine may not have been the focus of his concern. At worst, Dr. Wright's treatment decisions following his review of the July and October 2016 X-rays were negligent or medical malpractice, but not the basis for an Eighth Amendment claim of deliberately indifference. See Sonds v. St. Barnabus Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("Thus, disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention are not adequate grounds for a Section 1983 claim. Those issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.").

Similarly, Smalls's disagreement with Dr. Wrights's choice of medication is a dispute over a treatment plan that does not implicate the Eighth Amendment. See Veloz v. New York, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004) (granting summary judgment on claim that medical provider failed to prescribe a stronger pain medication

where plaintiff did not provide evidence that choice of medication was anything other than a medical decision).

Moreover, Smalls has not put forth evidence upon which a reasonable juror could find that Dr. Wright acted with a "sufficiently culpable state of mind." Smalls avers that, after he begged Dr. Wright to take him off Elavil during the January 24, 2017 visit, Dr. Wright told him that he "could either suffer with it or suffer without it." Smalls Aff. at 2 ¶ 9. While brusque, Dr. Wright's remark does not support an inference that it "evince[d] a conscious disregard of a substantial risk of harm." Chance 143 F.3d at 703. Instead, Dr. Wright's statement appears to acknowledge that the treatment he chose would not relieve Smalls of his pain entirely. Additionally, it conveyed to Smalls that the choice of treatment plan is the doctor's responsibility and that, by refusing to take Elavil, Smalls would not be able to choose a different treatment plan.

Under a different set of circumstances, a comparable statement recognizing that an inmate would "suffer" could conceivably support an inference that a doctor was deliberately indifferent. However, in the context of this case, in which Dr. Wright examined X-rays to diagnose Smalls and prescribed medication to manage his pain, Dr. Wright's comments may betray exasperation or ill-temperedness, but not deliberate indifference. Therefore, the court concludes that Smalls has failed to raise a genuine issue of material fact that Dr. Wright's decision not to refer Smalls to a specialist, obtain an MRI of his back, or prescribe him a medication other than Elavil qualified as deliberate indifference. See Hill v. Cucione, 657 F.3d 116, 123 (2d Cir. 2011) ("Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking.")

Because the court concludes that Dr. Wright was not deliberately indifferent to Smalls's back pain, defendant's Motion for Summary Judgment on Smalls's Eighth Amendment claim of deliberate indifference is granted.

B.	Fourteenth Amendment Claim

The Second Circuit has held that, "in order to permit prisoners to exercise their right to refuse unwanted treatment, there exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment." Pabon v. Wright, 459 F.3d 241, 250–51 (2d Cir. 2006). To establish a violation of the Fourteenth Amendment right to medical information, "a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment." Id.

Dr. Wright asserts that he counseled Smalls on the side effects of Elavil beginning with their first meeting on September 20, 2016. See Def.'s Mem. at 7–8. He also argues that Smalls's continued use of Elavil even after commencing the instant lawsuit undercuts his claim that he would not have taken Elavil if he had known of the side effects. See id. at 8. Smalls responds that a genuine issue of material fact exists as to whether he was adequately informed of the risks of taking Elavil before he filed a grievance complaining of the lack of informed consent. See Pl.'s Obj. at 7. Smalls argues that, since being placed on Elavil, he has "suffered numerous side effects, including increased severe back pain, weight gain, rash, and vision disturbances . . .

11

[and] numbness in his legs and buttocks." Pl.'s Obj. at 7. He argues that, in view of Dr. Wright's statement that Smalls "can suffer with it or suffer without it," Smalls's continued use of Elavil is not inconsistent with his claim that he would not have taken Elavil if he had known of the side effects. See id.

Even assuming that Dr. Wright's refusal to aid Smalls in weaning himself off of Elavil prevented him from stopping once he learned of the side effects, Smalls has not raised an issue of fact that Dr. Wright acted with the requisite culpable state of mind. See Smith v. Corizon Health Servs., No. 14 Civ. 08839 (GBD) (SN), 2015 WL 6123563, at *2 (S.D.N.Y. Oct. 16, 2016) ("The Fourteenth Amendment test for deliberate indifference requires that Plaintiff prove that Defendants deliberately withheld information about the objectionable medication, specifically for the purpose of inducing an inmate to accept that medication."). There is no evidence in the record upon which a reasonable juror could infer that Dr. Wright chose not to impart medical information about Elavil's side effects to Smalls at their September 2016 meeting in order to convince Smalls to take Elavil. See Pabon, 459 F.3d at 250–51 ("Inadvertent failures to impart medical information cannot form the basis of a constitutional violation . . . simple negligence will not suffice."). For example, Smalls does not state that he asked Dr. Wright about the side effects, but that Dr. Wright nonetheless did not divulge them. Cf. Pabon, 459 F.3d at 254 (finding that complaint contained allegations implying the necessary intent where a prison doctor "falsely informed [plaintiff] that there were no side effects" to the medicine he prescribed); White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990) (finding plaintiff alleged violation of his right to medical information where

defendant refused to answer plaintiff's questions about whether a drug contained penicillin, to which he was allergic).

In support of his argument that Dr. Wright violated his right to medical information when he failed to inform him of the side effects of Elavil, Smalls cites Ruffin v. Deperio, 97 F. Supp. 2d 346 (W.D.N.Y. 2000), where a district court held that defendants' treatment of plaintiff, which "consisted of little more than documenting his worsening condition . . . and continuing the provision of ineffective medications and methods of glycerin control," constituted deliberate indifference to a serious medical need. Id. at 353. However, Smalls's reliance on Ruffin is misplaced. First, Ruffin involved a claim of Eighth Amendment deliberate indifference to a serious medical need, rather than the right to medical information under the Fourteenth Amendment. See id. at 350–55. Thus, Ruffin did not address the subjective element under the Fourteenth Amendment right to medical information: that the defendant withheld information for the purpose of convincing the plaintiff to take medication that he otherwise would refuse. See Pierce v. Pillai, No. 3:14-cv-1477 (VLB), 2016 WL 6774225, at *5 (D. Conn. Nov. 15, 2016). Second, in Ruffin, the court determined that the plaintiff's symptoms, including blackening of his toes and glycerin levels that were regularly three to five times the normal level, were sufficiently obvious symptoms of serious medical problems in a diabetic to support the inference that defendants had actual knowledge of a substantial risk to the plaintiff. See Ruffin, 97 F. Supp. 2d at 354. By contrast, Dr. Wright's conduct—his failure to inform Smalls of the side effects of Elavil, a common medication for chronic pain—is not a "substantial departure from accepted professional judgment," id. at 354, that might evidence an intent to induce Smalls to remain on Elavil, see Vega

13

v. Rell, No. 3:09-cv-737 (VLB), 2012 WL 2860793, at *8–9 (D. Conn. July 9, 2012) (granting summary judgment as to plaintiff's claim that defendant failed to inform plaintiff that Elavil is an antidepressant in order to induce him to accept treatment he would otherwise decline).

Therefore, the court concludes that Smalls has failed to provide sufficient evidence for a reasonable juror to find that Dr. Wright violated Smalls's Fourteenth Amendment right to medical information. Summary judgment on Smalls's Fourteenth Amendment claim is granted.

## V. CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment (Doc. No. 32) is granted.

Smalls's Motion to Seal Exhibits (Doc. No. 78) is granted.

**SO ORDERED.**

Dated at New Haven, Connecticut this 25th day of July, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge